The New Haven Bank, National Banking Association *vs.* The Jordan Company et als.

Third Judicial District, New Haven, June Term, 1918.
Prentice, C. J., Roraback, Wheeler, Beach and Shumway, Js.

The mere fact that one of several accommodation indorsers of the original note did not indorse the last of a series of so-called "renewal notes," does not relieve the indorsers of that note from liability to a holder in due course, whatever may be its effect upon the rights of the indorsers between themselves as co-sureties; for the law treats each of said notes as a new and independent contract.

Argued June 5th—decided July 23d, 1918.

Action by the indorsee against the maker and indorsers of a promissory note, brought to the Superior Court in New Haven County where demurrers to the answers of three of the defendants were sustained (*Warner, J.*) and judgment was rendered for the plaintiff for $15,350 against all the defendants, from which the defendant Sisk appealed. *No error.*

In an action against the defendants as maker and indorsers of a promissory note, the defendants, other

than the maker of the note, filed answers admitting the execution of the instrument and due notice of non-payment, and set up, in substance, the following: that the note in suit was a renewal note, the first being dated the 10th of May, 1916, the next the 10th of July, 1916, the third the 11th of October, 1916, and the note in suit the 11th of January, 1917; that the note of the 10th of May, 1916, was also indorsed by one B. M. Hibbard; that Hibbard died solvent between May 10th and July 10th, 1916, and that administration was granted on his estate before July 10th, 1916, and that plaintiff knew it before that date; that each of the notes of July 10th, October 11th, and January 11th, and others for the same obligation which antedated them, were negotiated by the maker with the plaintiff and discounted by it for the maker's use, and that the defendants, understanding that said notes were renewals, indorsed each of them in the reasonable belief and expectation that the estate of Hibbard would, with defendants, indorse the same before the plaintiff would discount them for the maker; that the plaintiff knew, or should have known, that the several notes took the place of the old notes, and that plaintiff took the note of July 10th, 1916, without the indorsement of Hibbard's estate and without informing the defendants; that the plaintiff, without informing defendants, delivered the note of May 10th to some unknown person, who delivered the same to the Hibbard estate; that the plaintiff took no steps to hold the Hibbard estate liable for the indorsement of Hibbard on the note of May 10th; and that the Hibbard estate now has possession of said note of May 10th, and claims to be free from all liability because of the same.

The plaintiff demurred to the answer and the Superior Court sustained the demurrer.

*James P. Pigott,* for the appellant (defendant Sisk).

*Henry Stoddard,* for the appellee (plaintiff).

SHUMWAY, J.   The holder of the note is, on the pleadings, prima facie a holder in due course, and the indorsers, contesting their liability, in order to prevail must allege, and have the burden of proving, at least one of the following facts: that the note was not complete and regular on its face; that the plaintiff did not become the holder of the note before it was overdue; that the plaintiff did not take the note in good faith and for value; that the plaintiff, at the time the note was negotiated to it, had notice of some infirmity in the instrument or defect in the title of the person negotiating it.   Negotiable Instruments Act, General Statutes, § 4222.

The defendants' answer will be searched in vain to find any such allegation or its equivalent.   The averment that the note in question was a renewal of a note for like amount, does not change the relation or liability of the parties in any particular.   Indeed, the law knows no "renewed negotiable note," though that term is often used to denote a transaction wherein a note is used to pay and discharge a prior note of like tenor, without the payment, it may be, of any money. But, even so, the holder of such a note is a holder in due course.   The contract is a new and independent one, and does not differ from the one implied in law upon the initial note.   The defendants have alleged that the plaintiff surrendered a note bearing date May 10th, 1916, made by the Jordan Company and indorsed by these other defendants with one B. M. Hibbard, that Hibbard's indorsement was prior to that of the defendants O'Brien and Stone, and that the defendants indorsed the note in suit in the expectation

that the Hibbard estate would also become an indorser.

The expectation on the part of the other indorsers, that some representative of the Hibbard estate would indorse the note, is not a sufficient defense to this action. That fact does not constitute any infirmity in the note, or defect in the title of the one negotiating it. A note in the form of this one is negotiated when it is indorsed and delivered by any holder to the transferee, and it makes no difference, so far as the liability of such indorsers to a holder in due course is concerned, that the indorsers are accommodation parties. Even if such holder knows that one or all of the indorsers are accommodation indorsers, that does not change the indorser's liability. So, also, mere knowledge or reasonable belief on the part of the holder of the note that the several indorsers expected other accommodation parties to indorse it, even if the expectation is not realized, cannot relieve the other indorsers of their obligation.

The liability of the indorsers to the holder of the note is not affected by any agreement among the indorsers not appearing upon the note; therefore the right of co-sureties to a contribution, or the effect of the release of one surety upon the obligations of the others, has no application in the case now before the court, whatever may be the rights and liabilities of the indorsers as between themselves.

There is no error.

In this opinion the other judges concurred.