[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3987
This case is an appeal from a decision of a Hearing Officer of the Connecticut Department of Resources sustaining a decision of that department to place a lien on the property of the appellant under the authority of Section 52-362d(a) of the Connecticut General Statutes.
Facts
On March 9, 1992, after a paternity trial before a jury, the appellant was found to be the father of a child born August 6, 1986. The court found past support in the amount of $48,732.00 (i.e. support and maintenance from the date of birth of the child to the date of the decision) and made it payable at the rate of $50.00 per week until paid off, along with current support orders. The judge (Norko, J.), in entering that order was fully aware of the property of the appellant, and it was the court's express intent not to affect that property either through lien process or ordering it sold. Neither the State of Connecticut nor the plaintiff in that paternity action requested a lien or surety to secure the orders as provided for in 46b-171 of the Connecticut General Statutes. Since the decision of the court, the appellant has complied with all orders of the court and is not delinquent in his payments. Despite his compliance, the department placed a lien on the appellant's property claiming as its authority 52-362d(a) of the Connecticut General Statutes.
Issues
Does 52-362d(a) authorize the Commissioner of Human Resources to place of lien on property of someone who has complied with the orders of the court, who is not delinquent, but who owes support for the period of time which preceded the date of the court's order, but which amount the court ordered to be paid in periodic payments? The answer to that question is no. Section 52-362d
can only be utilized when an obligor is delinquent in complying with a court order. To decide otherwise would be inconsistent with the legislative history of the CT Page 3988 statute, do violence to its choice of words, render superfluous a number of its words and ignore other statutes and render nugatory a decision of the court.
Legislative History
On April 12, 1985, Commissioner James Herris, Commissioner of the Department of Resources testified before the Joint Standing Judiciary Committee Hearings in support of Senate Bill 974 which currently is 52-362
through 52-362h of the Connecticut General Statutes.
He indicated that the Senate Bill was an act implementing the Federal Child Support Enforcement Amendment of 1984. He introduced Tony Diniallo, the Chief of Child Support Enforcement in the State of Connecticut who clearly stated that this act dealt with delinquent obligors and the ability to place a lien on property if there is a delinquency of $500.00 or more. Judiciary Standing Committee Hearings, Part 6, page 1685-2019 (1985) at page 1874 to 1877. That position is consistent with the federal act and the federal regulations promulgated to support the Federal Child Support Enforcement Act.
Section 303.103 of the Office of Child Support Enforcement Regulations provide that the
 State shall have in effect and use procedures which require that a lien will be imposed against the real and personal property of an absent parent who owes overdue support.
Overdue support as defined by 301.1 of those regulations means delinquency pursuant to an obligation determined under a court order. 45 C.F.R. III (10-1-92 Edition).
Legislative Language
The language of the Statute itself substantiates in a number of ways that a lien may only issue when an obligor is delinquent in complying with court orders. Section 52-362d(a) of the Connecticut General Statutes is as follows:
Section 52-362d. Lien against property of CT Page 3989 obligor for unpaid child support. Notice of intent. Filing of certificate. Foreclosure. Information re unpaid support reported to participating consumer reporting agency. Offset for child support arrearage against money payable by state to obligor. Notification by comptroller. Hearing. Regulations.
 (a) Whenever an order of the superior court or family support magistrate for support of a minor child or children is issued and such payments have been ordered to be made to the commissioner of administrative services directly or through the support enforcement division of the superior court and the person against whom such support order was issued is in arrears in the amount of five hundred dollars or more, the child support enforcement bureau of the department of human resources may place a lien on any property, real or personal, in which such person has an interest to enforce payment of such arrearage after first providing such person with notice of intent to place such lien, and an opportunity for a hearing before a hearing officer to contest the amount of such arrearage. The lien for unpaid child support shall be secured by filing of a certificate by the commissioner of human resources in the records of the town or towns in which any such real or personal property is located describing such property. Any such lien may, at any time during which the obligor owes the amount of unpaid child support secured by such lien, be foreclosed in an action brought in a court of competent jurisdiction by the commissioner of human resources if the lien is to secure a child support obligation due the state or by the person to whom the child support is due in cases not involving assistance paid by the state.
To read the statute as requested by the State so as not to require a delinquency in or violation of a court order would render a number of the statutory words in the statute as superfluous. Under the State's interpretation, all that would be required to trigger the lien in which could be foreclosed is that the court find CT Page 3990 the obligor owed $500. There would be no need for the word "order" there would be no need for the words "and such payments have been ordered to the commissioner of administrative services." The normal rule of statutory construction is that the legislature does not put in words in statute without purpose.
If you followed the State's contention that it was only concerned with a security lien and that was the purpose of the statute, then there would be no need for the last sentence of 52-362d(a) which provides for foreclosure. Further, there would be no need for this statute at all since a security lien was always obtainable under 46b 171 of the Connecticut General Statutes.
A plain and clear reading of 52-362d(a) requires two conditions that must be satisfied before a foreclosable lien can be placed on property (i) an order of support to the support enforcement agency and (ii) an arrearage or delinquency of that order in the amount of $500.00 or more. Only where both conditions are satisfied can a lien be placed under 52-362d(a). Rutkin, Connecticut Practice Series "Family Law and Practice w/Forms" Vol. 7 33.20.
It is the general rule that a judgment for periodic installments is not normally the subject of judgment lien LeVay v. LeVay, 17 Conn. Sup. 470 (1952). If the legislature wished to alter that rule it would have done so with much clearer language. It is also unlikely that the legislature would render court decisions on issues of security liens nugatory without at the very least changing the language in statutes which provide the judge the discretion act in such areas. Section 46b 171, Connecticut General Statutes.
For all the above reasons the appeal is sustained and the matter is remanded for actions consistent with this decision.
Barall, J. CT Page 3991