PATRICK FARRELL AND OTHERS *vs.* GEORGE B. LEWIS
AND ANOTHER.

New Haven Co., June T., 1887. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

An assignment of a mortgage debt carries with it the mortgage security.

But a conveyance by a mortgagee of the legal title held by him does not operate as a transfer of the mortgage.

Where a second mortgagee pays off a prior mortgage, and does not take an assignment of it, but only a quitclaim of the mortgagee's title and a discharge of the mortgage, a later incumbrancer or the owner of the equity cannot redeem without paying him what he has thus expended in removing the first incumbrance.

But he must prove this expenditure, as in the case of payments to remove other liens upon the property.

The decision in *Lewis* v. *Farrell*, 51 Conn., 216, explained.

[Argued June 8th—decided October 19th, 1887.]

SUIT for a new trial in the case of *Lewis* v. *Farrell*, 51 Conn., 216, for mispleading and the discovery of new evidence ; brought to the Superior Court in New Haven County. The defendants demurred to the complaint, and the court (*Stoddard, J.,*) sustained the demurrer and dismissed the complaint. The plaintiffs appealed. The case is sufficiently stated in the opinion.

*G. E. Terry* and *E. F. Cole*, for the appellants.

*J. Huntington* and *E. H. Rogers*, with whom was *J. G. Clark*, for the appellees.

LOOMIS, J. This is a suit brought to obtain a new trial of the case of the present defendants against the present plaintiffs, reported in 51 Conn., 216. The grounds on which the new trial is asked are—1st, "a mistake and mispleading in the answer of the present plaintiffs to the complaint for a foreclosure " in that case ; and 2d, the discovery of new evi-

dence. The defendants demur to the complaint in both its aspects. The second ground we will not consider, as we are satisfied that a new trial should be granted upon the first.

The "mistake and mispleading" in the former case were of course the error of the plaintiffs' counsel, and would not in an ordinary case and unless so explained as to show an absence of culpable negligence on their part, be a sufficient reason for granting a new trial; but we are satisfied, upon a careful examination of the former case, that we failed ourselves to get an entirely correct view of the rights of the present plaintiffs in the complicated state of facts imperfectly presented, and that an injustice was done the plaintiffs by the decree there advised.

In that case the present defendants claimed a mortgage interest in the land in question, as holders of two notes secured by a mortgage of the land by the Farrells to Garwood H. Atwood, and sought a foreclosure of the mortgage. Charles A. Atwood, the principal defendant in that suit, was brought in as a party who "claimed an interest which accrued after the mortgage to Garwood H. Atwood." He replied to this allegation of the complaint that "he claimed to own the premises by an absolute title in fee simple." The state of his title, as brought out by the evidence, was as follows. The mortgage to Garwood H. Atwood by Patrick Farrell and wife covered two pieces of land, one of which was owned by Farrell and the other by his wife. This mortgage was made on the 10th of June, 1871. The piece of land owned by Patrick Farrell had been, on the 8th of January, 1871, mortgaged by him to Charles A. Atwood, to secure a loan of $1,000, and the mortgage to Garwood H. Atwood was made subject to that mortgage. This prior mortgage to C. A. Atwood of course takes precedence, as to that part of the land, to the G. H. Atwood mortgage, and its priority of right is recognized and allowed in the former decision. On June 8th, 1871, two days before the G. H. Atwood mortgage was given, the Farrells mortgaged the two pieces to the Waterbury Savings Bank to secure a loan of $3,000, and on the 3d of June, 1872, the Farrells mortgaged

the land to Cowles and Curtis to secure a loan of $1,500, this mortgage being made expressly subject to the mortgages to C. A. Atwood, G. H. Atwood and the Waterbury Savings Bank. On the 21st of January, 1880, a quitclaim of the G. H. Atwood mortgage was fraudulently obtained from him by the Farrells or some one acting in their behalf, which was set aside by the decree in the former case, as against all parties who had not acquired a *bonâ fide* interest in the property without notice after it was given. On March 2d, 1882, the Farrells made a quitclaim of all their interest in the land to C. A. Atwood, and on the same day the Cowles and Curtis title was quitclaimed to him, and on the 30th of March, 1882, the title of the Waterbury Savings Bank. Neither of these deeds was an assignment of the mortgage, but both were conveyances merely of the legal title held by the mortgagees.

The contention in the former case was wholly between the plaintiffs in that suit, holders of the G. H. Atwood mortgage and mortgage debt, and C. A. Atwood, claiming, not as assignee of the two mortgages, but as having, as he averred in his answer, "an absolute title in fee simple to the premises." Nothing was averred as to these mortgages, and no proof was offered that he paid anything upon the mortgage debts, except that the Waterbury Savings Bank quitclaim was upon consideration of the payment of the mortgage debt. This is the "mispleading and mistake" which the present plaintiffs set up in their complaint.

We held that, in the absence of any proof of anything paid on those mortgage debts, C. A. Atwood could not stand upon the legal titles obtained from the mortgagees against the strong equity of the G. H. Garwood mortgage, the discharge of which had been fraudulently obtained by the Farrells.

This view of the court in that case is now claimed to have been erroneous, because C. A. Atwood became by the quitclaim deeds vested with all the mortgage interest of the releasors. Of course it is not necessary that there be a valid consideration for the transfer of a mortgage. If sold for

half its nominal amount, or if a mere gift, it is good for its whole amount in the hands of the assignee. And a transfer of the mortgage debt carries with it a transfer of the mortgage. But the converse of this rule does not hold good. A quitclaim of a legal title by a mortgagee does not carry with it the mortgage interest. It passes only a bare legal title. This bare legal title ought not to stand against a clear equitable claim.

C. A. Atwood could have stood on the mortgage interests if he had taken a transfer of them, but, not having taken such a transfer, he could only stand upon his rights as a mortgagee, under his original mortgage of $1,000 (which rested on only one of the pieces of land), who had paid off incumbrances on the whole tract of two pieces which were prior to his title to the other tract. These payments stand like any payments by a mortgagee of charges upon the mortgaged property, such as liens, taxes and the like. They become an addition to the incumbrance held by him, and a later mortgagee or owner of the equity cannot redeem without making the prior mortgagee good for all these expenditures for the property. But where he undertakes to stand upon such rights in court he is bound to aver and prove such payments, and a mere presentation of a quitclaim deed upon a stated consideration does not become the equivalent of direct proof that such payment was made.

By our conclusion in the former case the Garwood H. Atwood mortgage was brought into the condition of a later incumbrance upon the property, by reason of the quitclaim given of it, which postponed it to interests acquired afterwards in good faith and without notice.

The difficulty of the case is that C. A. Atwood undertook to stand upon his mere legal title, as an absolute one in fee, and as sufficient against the G. H. Atwood mortgage, which stood discharged upon the public records, while, as the case was developed upon the trial, he was compelled to take the place of a mere incumbrancer, for which he was not prepared either by his pleadings or his evidence. As the case thus

came to be seriously misjudged we think it reasonable that a new trial should be granted.

There was error in the judgment of the court below in sustaining the demurrer to the complaint.

In this opinion the other judges concurred.