LEE *v.* KELLOGG.

108  535
117  160

FORGED MORTGAGE—ASSIGNMENT—RECORDING LAWS.

 A purchaser of a forged mortgage, and of forged notes purporting to be secured thereby, acquires no rights as against a prior assignee from the same person of genuine instruments the counterpart of those forged, although the latter's assignment was not of record at the time the forged instruments were purchased.

Appeal from Van Buren; Buck, J. Submitted January 16, 1896. Decided March 3, 1896.

Bill by Wilson Lee against Harriett I. Kellogg and Mary Baker to foreclose a mortgage. From a decree dismissing the bill, complainant appeals. Affirmed.

Mary Baker, being the owner of 40 acres of land, on March 30, 1893, executed to one George E. Breck a mortgage thereon for $1,000, collateral to six notes,—one for the principal amount, and five interest coupon notes. The mortgage was recorded on the day following its execution. June 26, 1893, Breck sold and delivered the notes and mortgage to one Hubbard, accompanying the same with the usual form of assignment. March 17, 1894, Hubbard sold, assigned, and delivered them to defendant Kellogg. These assignments were recorded September 24, 1894. August 17, 1893, Breck forged a mortgage and six notes, for the same amount as the others, upon the same land, with defendant Baker as the maker, and offered to sell and assign them to complainant, Lee. Lee went to an abstract office, and inquired if Breck was the owner, upon the record, of such a mortgage. The abstracter informed him that he was. He then purchased, Breck delivering to him the forged mortgage and notes as and for genuine ones. Subsequently complainant ascertained the true situation, viz., that de-

fendant Kellogg was the *bona fide* purchaser and owner of the mortgage and notes, and that those held by him were forgeries. He thereupon commenced foreclosure proceedings in chancery by the ordinary suit, making defendant Kellogg a party thereto, "as having, or claiming to have, rights and interests in the premises as subsequent incumbrancer or otherwise." Defendant Kellogg answered, setting up the true state of affairs, and praying affirmative relief by way of cross-bill. Complainant answered the cross-bill, denying that the mortgage and notes held by him were forgeries, and asserting their genuineness. Upon the hearing the bill was dismissed.

*T. J. Cavanaugh*, for complainant.

*A. M. Stearns* and *Heckert & Chandler*, for defendant Kellogg.

GRANT, J. (*after stating the facts*). The theory of the complainant's bill, and of his answer to the cross-bill, was that he owned and had in his possession the original and genuine mortgage and notes. He did not prove, or attempt to prove, their execution; but, although forgeries, they were admitted in evidence. The complainant made no case entitling him to relief. Under his bill it was incumbent upon him to prove and produce the original mortgage and notes. His bill was not framed upon the theory upon which he now seeks to recover.

Forged papers cannot be made the basis of a recovery, either at law or in equity, against the supposed maker, or those in good faith holding and owning the genuine papers. *Austin* v. *Dean*, 40 Mich. 386; *Camp* v. *Carpenter*, 52 Mich. 375; *Crawford* v. *Hoeft*, 58 Mich. 21; *Laprad* v. *Sherwood*, 79 Mich. 520; *Williams* v. *Keyes*, 90 Mich. 290. Had the suit been against Mrs. Baker alone, either at law, upon the notes, or in equity, to foreclose the mortgage, the suit would have failed, upon proof that the papers were forged.

Where an assignor does not have the papers to be as-

signed, to deliver, this is sufficient to put the purchaser upon his guard, to put his good faith in doubt, and to charge him with any defect in his assignor's title. 1 Jones, Mortg. (5th Ed.)' § 483. Forged papers cannot give to an assignee any greater or better right than he would have without any, nor can they be made the basis of a valid assignment, or held to convey to such pretended assignee the original papers, which have been, in good faith, purchased by another. The recording laws do not apply to such a case. Complainant might as well claim that if Mrs. Baker had sold and conveyed the land, by warranty deed, to Kellogg, and, before she had recorded it, Breck had forged a deed from Mrs. Baker to himself, and then conveyed to complainant, he would have been a *bona fide* purchaser, entitled to the protection of the recording law. *Kernohan* v. *Manss*, 53 Ohio St. 118.

The decree is affirmed, with costs.

The other Justices concurred.