P. RAYMOND GREIST *vs.* WILLIAM H. GOWDY.

Third Judicial District, Bridgeport, October Term, 1908.

BALDWIN, C. J., HALL, PRENTICE, THAYER and GAGER, Js.

A mortgage given to indemnify an indorser is available as security not only in respect to the original note but also to those subsequently given by way of renewal.

Whether a note has been paid or not is a question of fact.

In the present case it appeared that a third person, for the temporary protection of the indorser who was absent, advanced the amount due on the note, upon an understanding that as between the maker and indorser the transaction was in no sense to be a satisfaction of the note, nor was it to operate as a discharge of the indorser or as a release of his mortgage security. *Held* that under these circumstances the trial court committed no error of law in concluding that there had been no payment of the note.

An appellant is not entitled to urge claims in this court which were not raised in the court below.

While a purchaser of the equity of redemption may rely upon the language of the mortgage for a general description of the incumbrance, he cannot, as against the mortgagee, rely upon the mortgagor's statements as to the amount of indebtedness then due, nor can he assume the performance by the mortgagor of a contract contained in the condition.

Unless exceptions are annexed to a motion to correct the finding, as required by General Statutes, §§ 795 and 796, there is nothing in the motion which can be made the subject of an appeal to this court.

A certification of all the rulings and evidence in response to a motion to correct the finding, may be treated as an extension of the time for filing such motion, if it would otherwise be unavailing.

Submitted on briefs October 27th—decided December 18th, 1908.

SUIT to foreclose a mortgage of real estate, brought to and tried by the Superior Court in New Haven County, *Roraback, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

On August 24th, 1906, the Congress Laundry Company mortgaged land to the plaintiff to secure a demand note to the plaintiff for $1,000, and also to secure the plaintiff's

indorsement upon a four-month note for $1,500 payable at a bank. The mortgage was duly recorded. The condition properly described the notes, contained certain agreements of the mortgagee, one of which was to apply the proceeds of sales of stock to the payment of the indorsed note, unless such payment was waived by the mortgagee in writing, and then provided "that the said grantor in the event of its not paying said note so indorsed, is justly indebted to the said grantee in the further sum of fifteen hundred dollars ($1,500) with interest; the total amount of twenty-five hundred dollars ($2,500) being payable within twenty (20) months from the 4th day of September, 1906, in payments of five hundred dollars ($500) every four months from date. Now therefore, if said promises and agreements are well and truly kept according to agreement and said money is paid according to the terms above set forth, then this deed shall be void, otherwise to remain in full force and effect."

The defendant became the owner of the mortgaged property, subject to incumbrances, by purchase from the receiver of the Laundry Company, July 1st, 1907. Upon the trial no question was made as to the note for $1,000, but the parties were at issue upon the question whether, as against this defendant, the mortgage could be enforced as to a note of the Laundry Company for $500, dated March 13th, 1907, indorsed by the plaintiff and claimed by him to be a renewal of so much of the original note of $1,500, the other $1,000 of said $1,500 note having been paid by the Laundry Company.

Concerning said indorsed note the trial court has found, in substance, that when it first came due it was renewed with plaintiff's indorsement, and that when the first renewed note came due the company paid $500 on account, and the indorsed renewal was for $1,000 coming due March 4th, 1907. When said note of $1,000 became due, the Laundry Company was unable to meet its liability

thereon.  At this time the plaintiff was absent, and the Greist Manufacturing Company, at the request of the Laundry Company, and under an agreement made between the said Greist Company, the Laundry Company, and the bank, agreed temporarily, for said Laundry Company and the plaintiff, to advance the money to meet the payment of the indorsed note for $1,000, and thereby to protect the plaintiff's indorsement thereon, until such time as the plaintiff should return, the Greist Company taking as temporary security for said advancement the personal note of Martley, treasurer of the Laundry Company.  It was further agreed by all the parties above mentioned, that the bank would discount the Laundry Company's note for $500, if the plaintiff would indorse the same as heretofore; the said note being a continuation of the original $1,500 note successively renewed as theretofore stated.

The plaintiff returned on March 13th, 1907, and, as agreed, indorsed said Laundry Company note of $500 in order to obtain the balance of the said $1,500 note given originally by the Laundry Company.  Said note at its maturity was paid by the plaintiff, after it had been protested by said bank.  From money received from the sale of its own stock, the Laundry Company returned to the Greist Company the $1,000 so advanced by it, and thereupon said Greist Company returned to said Martley said temporary note of $1,000.

The advancement of said $1,000 by the said Greist Company and the return of said sum to said Greist Company by the Laundry Company was without any intention to pay, cancel, or release said original indorsed mortgage note of $1,500 successively renewed as heretofore stated, and in fact no release, receipt, or quitclaim deed was given by the plaintiff or by said Greist Company to said Laundry Company, nor was it the intention of any of the parties that said advancement was a payment, or liquidation of the liability under the original indorsed $1,500 mortgage

note. But it was the intention of all the parties that the plaintiff should retain his mortgage security to protect him on account of his indorsement of the last-mentioned note.

The court held that the indorsed note for $500 was included within the mortgage security, and rendered judgment accordingly.

From this judgment the defendant appeals, assigning several reasons which, so far as the court overruled them, amount on the merits to the single reason that the court erred in holding that the renewal note of $500 was covered by said mortgage. Minor reasons are that the defendant could contest the amount due on the mortgage; that the defendant might rely upon the mortgage and the books of the mortgagor for the ascertainment of the amount due, and that the court erred in finding facts without evidence.

*Richard H. Tyner*, for the appellant (defendant).

*William F. Alcorn* and *Harry W. Asher*, for the appellee (plaintiff).

GAGER, J. The condition in the mortgage described an indorsed note for $1,500. If the indorsed note of March 13th, 1907, for $500, represented in fact a part of the original indorsed note of $1,500, then this note for $500 is secured by the mortgage. It is familiar law that no change in the form of the indebtedness, or in the mode or time of payment, will discharge the mortgage. *Bolles* v. *Chauncey*, 8 Conn. 389, 392; 1 Jones on Mortgages (6th Ed.) § 924. This principle also extends to renewal indorsements. If an indorser, by reason of his indorsement, is compelled to pay the note, and under this necessity indorses a renewal note for the same debt or a part thereof, and is by reason of his renewal indorsement obliged to pay the renewal note, this is a damage necessarily resulting from the first indorse-

ment against which he is entitled to indemnity under the condition of the mortgage. *Pond* v. *Clarke,* 14 Conn. 334, overruling, upon this point, *Peters* v. *Goodrich,* 3 Conn. 146; *Smith* v. *Prince,* 14 id. 472; *Boswell* v. *Goodwin,* 31 id. 74; 1 Jones on Mortgages (6th Ed.) § 934. This proposition is not formally disputed by the defendant, though the point is made in his second reason of appeal.

The defendant does, however, insist that the $500 note is not in fact a renewal of any obligation incurred under the first indorsement, because when the renewal of the $1,000 indorsed note became due March 4th, 1907, it was paid by the Laundry Company, and that the $500 note of March 13th was for a new loan and therefore not secured by the mortgage. This question of payment is one of fact, and the finding is conclusive against the defendant's claim.

It appears that when the renewal note for $1,000 came due the plaintiff indorser was absent. The note was payable at a bank and the Laundry Company effected an arrangement with the bank and with the Greist Company, a corporation of which the plaintiff was president and manager, by which this corporation, for the protection of the plaintiff until he should return, temporarily advanced the money necessary to take up the note, upon the agreement that the plaintiff should retain his mortgage security, that the arrangement was temporary and not a payment, and that when the plaintiff returned the bank would discount the Laundry Company's note for $500 of this $1,000, if plaintiff would again indorse, thus continuing the plaintiff's original liability to the extent of $500. The Greist Company took the personal security of the treasurer of the Laundry Company, and later the Laundry Company returned to the Greist Company the money advanced by it. The whole arrangement was for the purpose of tiding over the situation caused by the plaintiff's absence until his return, and upon the specific agreement of all parties that as between the plaintiff and the Laundry Company

the transaction was not in any sense to be a payment of the note, a discharge of the plaintiff's liability thereon, or a release of his security. Payment or nonpayment is a question of fact, and the conclusion of the trial court is final, unless in reaching it the court below committed some error of law prejudicial to the plaintiff which entitles him to a new trial. *Carroll* v. *Weaver*, 65 Conn. 76, 31 Atl. 489. We perceive no such error. The transaction in substance was the deposit of the amount of the debt with the agreement that it should not operate as payment, and it finally resulted in the making of a partial payment upon the indorsed note for $1,000, and the indorsing of a new note for the balance of $500, and this $500 was the unpaid balance of the original indorsed note of $1,500. *Howe* v. *Lewis*, 14 Pick. (Mass.) 329.

In his brief the defendant claims that even if the note for $500 should be held secured by the mortgage, the judgment is erroneous, because by the terms of the condition the debt was payable in instalments, and only $1,000 was due at the time the foreclosure was brought. This claim was not made before the trial court. The finding shows that no contest was made over the note of $1,000 for borrowed money. The sole question before the court was whether the mortgage secured the note for $500, and the claims of law are to be construed with reference to the matters in fact being litigated. Had this claim been made it would, perhaps, have necessitated a second foreclosure suit, and we may assume that the defendant confined himself before the trial court to the vital question in the case, in order to avoid needless litigation and costs. Had the claim been made, the answer would have been that the mortgagor did not devote the proceeds of the sale of stock to the payment of the note for $1,500 as required by the express terms of the condition.

Another reason of appeal is that the defendant could contest the amount due the plaintiff on the mortgage.

The defendant purchased the interest of the Laundry Company at a receiver's sale. He was permitted to show and did show the amount actually due on the mortgage at the date of his purchase, and has no reason to complain on this account.

It is also claimed that the purchaser had the right to rely upon the statements in the mortgage and on the books of the mortgagor as showing the amount due. This claim was properly overruled. It is true that he could rely upon the mortgage as a general description and limitation of the lien, but it is too plain for argument that he could not, as against the mortgagee, rely upon the mortgagor's statements, made without the assent of the mortgagee, as to the amount due, nor could he assume that the contract contained in the condition had been performed by the mortgagor.

The remaining reasons of appeal are based on alleged errors in finding facts. These reasons are not properly before this court under §§ 795 and 796 of the General Statutes, because the record shows that the motion made to the trial judge to correct the finding did not have annexed to it written exceptions to any finding of fact therein, or to any refusal to find a fact as requested, which by the statute could be made the subject of an appeal to the Supreme Court of Errors.

These reasons of appeal may, however, be considered as based on § 797, which provides in substance that in lieu of the motion to correct, to which exceptions are to be annexed, as provided in §§ 795 and 796, the evidence and rulings may, within one week after the filing of the finding, be filed and certified, and the claims for correction therein may be set forth in the assignments of error on appeal. The plaintiff excepts to the consideration of this motion to correct, on the ground that the motion to make the evidence and rulings part of the record came too late. It was in fact made more than two weeks after the finding

was filed. But § 797 authorizes the judge to extend the time, and we think his order of certification should be construed as an extension of time under the statute, and we treat the motion to correct the finding as properly before us, no proceedings under §§ 795 and 796 having been commenced.

An examination of the entire evidence has satisfied us that the finding is amply supported by the evidence, and the reasons of appeal relating to the correction of the finding are overruled and the claim for a correction is denied.

There is no error.

In this opinion the other judges concurred.