**In the Matter of Charles PHILLIPS, Jr., Debtor.**

**Bradford W. NOYES, Plaintiff,**

**v.**

**Charles PHILLIPS, Jr., Gilbert L. Rosenbaum, Trustee, Defendants.**

**Bankruptcy No. 2–82–00051.
Adv. No. 2–82–0115.**

United States Bankruptcy Court,
D. Connecticut.

June 30, 1982.

Eugene C. Cushman, Tedeschi & Cushman, New London, Conn., for plaintiff.

J. Michael Sherb, New London, Conn., for debtor-defendant.

Gilbert L. Rosenbaum, Hartford, Conn., trustee, pro se.

## MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge

### I.

The proceeding before the court was initiated by a "Complaint for Reclamation" in which Bradford W. Noyes, the plaintiff, seeks to impose "a constructive trust and lien" upon funds payable under a promissory note and mortgage deed standing in the name of Charles Phillips, Jr., the debtor in this chapter 7 case. The complaint named the debtor and Gilbert L. Rosenbaum, trustee of the estate, as defendants. The debtor filed a pleading denying that the plaintiff had any interest in the mortgage note and deed and included a counterclaim in which he requests the court to rule that the mortgage note and deed were the "exclusive property" of the debtor. The trustee pleaded that the mortgage note and deed are assets of the debtor's estate.

At trial, the plaintiff and the debtor both testified at length and gave different stories as to the background of the contested mortgage note and deed. However, neither party seriously disputes the following facts. The plaintiff and the debtor at one time were jointly engaged in various enterprises, such as operating a bar and acquiring rundown real estate for the purpose of renovation. In November, 1979, two parcels of land (property), located in New London, Connecticut, were acquired in the plaintiff's name with the debtor contributing $500.00 cash, and the plaintiff providing the balance required, over a mortgage of $29,-600.00, to pay the purchase price of $41,-500.00. The debtor then spent full time in renovating the property until he was injured in February, 1980. In the meantime, on December 26, 1979, the plaintiff appointed the debtor his attorney-in-fact under the Connecticut Statutory Short Form Power of Attorney Act (Conn.Gen.Stat. § 1–42 et seq.). Pursuant to this power of attorney recorded in the land records of the City of New London, the debtor conveyed a portion of the property on May 7, 1980 to James T. Sullivan, Jr. and Shirley J. Sullivan (Sullivans). The sale price was $10,000.00 and the Sullivans executed a purchase money mortgage note and deed for $4,000.00 as part consideration for the transfer. The entire transaction was handled by the plaintiff's attorney who drafted the mortgage deed and note as payable to the debtor. The promissory note calls for monthly payments of $48.54 commencing June 1, 1980. After the Sullivans made three consecutive monthly payments to the debtor, the plaintiff disputed the debtor's right to receive the mortgage proceeds. The issue remained unresolved between them when the debtor filed his voluntary chapter 7 petition on January 22, 1982.

## II.

The plaintiff concedes that legal title to the mortgage is with the debtor but contends that "the equitable interest to the mortgage is ... with the plaintiff." He claims that, based on the prior dealing between the debtor and himself, the debtor was either his agent and the mortgage note and deed were held by the debtor solely for the plaintiff's benefit, or, that the debtor holds the mortgage in "constructive" trust for both the plaintiff and the debtor. The debtor contends that, although the parties never so agreed in writing, it was understood that the debtor was to receive all the proceeds of the sale of the property sold to the Sullivans, including the mortgage note and deed, as his portion of the partnership split-up. The trustee asserts that pursuant to his status under 11 U.S.C. § 544(a)[1] as a bona fide purchaser of real property and a lien creditor, he is entitled to the mortgage note and deed and all proceeds therefrom.

## III.

The court agrees with the position of the trustee and finds it unnecessary to untangle the varying stories of the plaintiff and the debtor as to the past nature of their relationship. The plaintiff concedes that he knowingly and voluntarily authorized the debtor to make the transaction to the Sullivans and placed such authorization on the land records. The plaintiff's personal attorney drew the papers for the transaction including drafting the mortgage note and deed in the name of the debtor and witnessing their execution. At no time after the dispute arose between the plaintiff and the debtor was anything placed on the New London land records to give notice of the plaintiff's claim to the mortgage note and deed.

■ Under the avoidance powers granted to the trustee by § 544(a)(3), the trustee stands in the shoes of a bona fide purchaser of real estate from the debtor as defined by applicable state law.[2] *In re Mitchell*, 9 B.R. 577 (Bkrtcy., D.Or.1981). Connecticut law defines a bona fide purchaser as " 'one who buys property of another without notice that some third party has a right to or interest in such property, and pays a full and fair price for the same ... before he has notice of a claim or interest of such other in the property.' " *Andretta v. Fox New England Theatres, Inc.*, 113 Conn. 476, 482, 155 A. 848, 850 (1931) (quoting *Alden v. Trubee*, 44 Conn. 455, 459 (1877)). Connecticut law is clear that bona fide purchasers of real estate may rely on record title and are not subordinated to unrecorded equities of which they have no knowledge. *In re Hulk*, 8 B.R. 444, 7 B.C.D. 339 (Bkrtcy., D.Conn. 1981); *In re Trotta*, 12 B.R. 843 (Bkrtcy., D.Conn.1981); *Second Nat'l Bank of New Haven v. Dyer*, 121 Conn. 263, 184 A. 386 (1936); *Goldberg v. Parker*, 87 Conn. 99, 87 A. 555 (1913). *See also* Conn.Gen.Stat. § 47–10 (1981). Accordingly, by failing to

---

1. Section 544(a) provides that:

   The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

   (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and

   (3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

2. The trustee had no such status under the Bankruptcy Act of 1898. This additional status was added to the trustee's powers to harmonize differences between the states as to the rights of lien creditors and bona fide purchasers of real property. *See* 2 *Norton Bankruptcy Law and Practice*, § 30.05 (W. Norton ed. 1981).

record his interest, the plaintiff made himself vulnerable to having his alleged equities in the property cut off by the powers conferred on the trustee by § 544(a).

■ The plaintiff argues that a constructive trust should be impressed upon the funds received under the promissory note and mortgage deed. A constructive trust is one that arises contrary to any express intention of the parties

"against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy."

*Zack v. Guzauskas*, 171 Conn. 98, 103, 368 A.2d 193, 196 (1976) (quoting 76 Am.Jur.2d *Trusts* § 221 (1975)). Yet, even conceding that the plaintiff has borne his burden of showing that the debtor's conduct fits within this definition, the trustee, as bona fide purchaser, acquires the property free of the plaintiff's claim. "Where a person acquires title to property under such circumstances that otherwise he would hold it upon a constructive trust or subject to an equitable lien, he does not so hold it if he gives value for the property without notice of such circumstances." Restatement of Restitution § 172(1) (1937); 76 Am.Jur.2d *Trusts* § 269 (1975). As a bona fide purchaser, defined under Connecticut law as one who takes for value and without notice of third-party claims, the trustee's interest in the property for the benefit of the estate is prior to whatever interest the plaintiff may have.

In view of all that has been said, judgment is entered for Gilbert L. Rosenbaum, trustee, that the mortgage note and deed executed by James T. Sullivan, Jr. and Shirley J. Sullivan in favor of Charles W. Phillips, dated May 7, 1980, and recorded in Volume 47 at Page 16 of the land records of the City of New London, Connecticut, are property of the bankruptcy estate of Charles Phillips, Jr.