[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
CT Page 14275
The plaintiff moves to strike the defendant's three special defenses on the basis of legal insufficiency (motion to strike #111). The defendant's motion to strike is denied with respect to the first and third special defenses but granted as to the second special defense.
FIRST SPECIAL DEFENSE
The defendant alleges that the plaintiff does not have standing to bring a foreclosure action because the plaintiff is not the owner of the mortgage note. The plaintiff argues that it need not be the owner of the mortgage note, but that ownership of the mortgage is sufficient to confer standing.
"[T]he mortgagee has two interests: (1) the debt or obligation which is owed to him, and (2) the security interest in land represented by the mortgage. . . . [T]he primary interest is the personalty debt obligation. The interest in land which is available in case security is necessary because of the debtor's default is considered a collateral interest. . . . Where the mortgagee has `transferred' only the mortgage, the transaction is a nullity and his `assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper." 4 Powell on Real Property, § 37.27(2), p. 37-178 (1997); see alsoSecond National Bank of New Haven v. Dyer, 121 Conn. 263, 269,184 A. 386 (1936) ("an assignment of the security apart from the debt transfers bare title, the beneficial interest in which remains with the owner of the debt."); Construction Services ofBristol, Inc. v. Sanseer Mill Associates, Superior Court, judicial district of Middlesex, Docket No. 64273 (March 17, 1992,Arena, J.) (same); cf. South End Plaza Assn. v. Cote,52 Conn. App. 367, 378, ___ A.2d ___ (1999) (the assignment of the note evidencing a debt automatically carries with it the assignment of the mortgage even if the mortgage is in the hands of another).
The plaintiff relies upon Connecticut Bank Trust Co. v.Katske, 40 Conn. Sup. 560, 562, 535 A.2d 836 (1986) and NewEngland Savings Bank v. Bedford Realty Corp. , 238 Conn. 745, 759,680 A.2d 301 (1996) to support the argument that one need not have an ownership interest in the note to have standing to bring a foreclosure action. The court in Katske found that in an action to foreclose a mortgage, "[w]hen a mortgage is assigned but no CT Page 14276 transfer of the debt is made, extrinsic evidence is received to determine whether it was the intention to include the debt on the obligation representing it within the term `mortgage.'" (Internal quotation marks omitted.) Connecticut Bank Trust Co. v. Katske, supra, 40 Conn. Sup. 562. The Bedford court held that one need not possess the mortgage note in order to bring an equitable action to foreclose a mortgage. See New England Savings Bank v.Bedford Realty Corp. , supra, 238 Conn. 759-60. Neither case stands for the proposition that a plaintiff may bring a foreclosure action absent an ownership interest in the note. Accordingly, the defendant's allegation that the plaintiff does not own the note states a legally sufficient special defense.
SECOND SPECIAL DEFENSE
The defendant alleges that the mortgage deed is defective because it was not properly witnessed nor acknowledged. Special Act 1997, No. 97-6 provides in pertinent part: "No . . . mortgage . . . shall be deemed invalid, because any such . . . mortgage . . . [w]as not acknowledged or was improperly acknowledged . . . [nor] [w]as attested by one witness only or by no witnesses. . . ." Accordingly, the defendant's second special defense does not state a valid defense and is stricken by the court.
THIRD SPECIAL DEFENSE
The defendant alleges that the plaintiff failed to give proper notice to the defendant as required by the mortgage deed. The mortgage deed provides that the plaintiff "shall" give notice to the defendant prior to acceleration of the debt. Proper notice, therefore, was a mandatory condition precedent to an action for foreclosure. See Citicorp Mortgage, Inc. v. Porto,41 Conn. App. 598, 602-03, 677 A.2d 10 (1996). Accordingly, the plaintiff's third special defense is legally sufficient.
So Ordered.
RODRIGUEZ, J.