[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SPECIAL DEFENSES
On August 21, 2000, the plaintiff, Bank United, filed a complaint against the defendants, John and Claire LeMoult, to foreclose the mortgage on the property owned by the defendants at 27 Woodchuck Road in Norwalk, Connecticut. The complaint alleges that the plaintiff is the owner and holder of the note on the property by virtue of an assignment of the mortgage. The assignment is to be recorded with the Norwalk land records. The complaint further alleges that the note is in default, which the defendants failed to cure. The plaintiff elected to accelerate the payments due, declare the note due in full and foreclose the mortgage securing the note.
On September 21, 2000, the defendants filed an answer and five special defenses to the plaintiff's complaint.[1] The first special defense alleges that the complaint fails to plead facts concerning the assignment of the mortgage to the plaintiff and fails to allege the recording of the assignment. The second special defense alleges that the complaint fails to state a cause of action in that it does not comply with the requirement of stating the amount of the debt. The plaintiff now moves to strike the defendants' special defenses on the ground that the defenses are legally insufficient
"A motion to strike challenges the legal sufficiency of a pleading. . . .[I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Doe v. Yale University, 252 Conn. 641, 694, 748 A.2d 834
CT Page 932 (2000); see also Practice Book § 10-39. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. DanaInvestment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999); see also Practice Book § 10-50. In ruling on a motion to strike special defenses, the court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut NationalBank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
"At common law, the only defenses to [a foreclosure] action . . . would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . .Moreover, our courts have permitted several equitable defenses to a foreclosure action. . . .If the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . .Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Citations omitted; internal quotation marks omitted.) SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note." (Internal quotation marks omitted.) Green PointBank v. Klein, Superior Court, judicial district of Danbury, Docket No. 327058 (April 11, 2000, Moraghan, J.); PHH US Mortgage Corp. v. Roman, Superior Court, judicial district of New London at New London, Docket No. 551906 (February 16, 2000, Martin, J.); GMAC Mortgage Corp. v.Nieves, Superior Court, judicial district of Stamford-Norwalk, Docket No. 164925 (January 29, 1999, Tobin, J.); see also SouthbridgeAssociates, LLC v. Garofalo, supra, 53 Conn. App. 15.
"The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . .Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder." (Internal quotation marks omitted.) Green Point Bank v. Klein, supra, Superior Court, Docket No. 327058; GMAC Mortgage Corp. v. Nieves, supra, Superior Court, Docket No. 164925.
The first special defense states that the complaint fails to allege facts concerning the assignment of the mortgage to the plaintiff and fails to allege the recording of the mortgage.[2] The present complaint CT Page 933 alleges that the plaintiff is the owner and holder of the note and mortgage by virtue of an assignment that is to be recorded, and therefore has sufficiently alleged ownership of the mortgage. The defendants' special defense claims that the complaint fails to state a cause of action because it does not allege a recording of the mortgage. The special defense does not attack the making, validity or enforcement of the mortgage. The failure to record a mortgage assignment estops a non-recording assignee from claiming priority over a subsequent assignee of the same mortgage who has recorded. Second National Bank of New Havenv. Dyer, 121 Conn. 263 (1936). However, the court finds and the defendants have supplied no case law that requires a plaintiff in a foreclosure action, who has alleged assignment of the mortgage, to allege that the assignment has been recorded prior to the action.[3] The first special defense fails to allege a judicially recognized special defense to foreclosure and, accordingly, the motion to strike is granted.
The second special defense alleges that the complaint fails to state a cause of action because it does not comply with the requirement of stating the amount of the debt. The defendants rely on a case in which the Supreme Court states that, "a foreclosure complaint must contain certain allegations regarding the nature of the interest being foreclosed. These should include allegations relating to . . . the amount currently due and owing. . . ." (Citations omitted; internal quotation marks omitted.) New England Savings Bank v. Bedford Realty Corp.,246 Conn. 594, 610, 717 A.2d 713 (1998). The defendants rely on the portion of the opinion that is clearly dicta. The complaint fully complies with the requirements of Practice Book §§ 10-1[4] and 10-69,[5]
and, therefore, sets forth a valid foreclosure action. The defendants fail to cite and the court cannot find case law that supports the argument that pleading of the amount of the debt is required to state a sufficient claim in a foreclosure action. The court finds that the defendants' second special defense fails to attack the making, validity or enforcement of the mortgage, and the motion to strike the defense is granted.[6]
Accordingly, the plaintiff's motion to strike the defendants' first and second special defenses is granted because the defenses fail to attack the making, validity or enforcement of the mortgage.
RESHA, J.