REGINA MOHER *v.* WALLACE METAL PRODUCTS
COMPANY, INC.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued June 8—decided July 19, 1960

*Harry P. Lander,* with whom was *James R. Green-field,* for the appellant (receiver).

*Charles Henchel,* with whom was *Morris W. Mendlesohn,* for the appellee (petitioner).

MELLITZ, J. On December 3, 1957, the defendant corporation, hereinafter called Wallace, and Regina Realty Corporation, hereinafter called Regina, owed the petitioner, Maurice E. Proctor, $55,000. On that date, the two corporations executed a joint and several promissory note to him in that amount. To secure payment of the note, Wallace executed a chattel mortgage of its machinery and Regina executed a mortgage of its realty. The corporations constituted a family holding, Regina having been formed to hold title to realty which it leased to Wallace and on which Wallace operated a machine shop. Regina's sole income was derived from the rents paid by Wallace. Wallace maintained a checking account in which the funds of both corporations were deposited and from which, until September, 1957, the expenditures of both corporations were paid.

On and before September 17, 1958, payments due on the note were in default. On that date, the indebtedness on the note was reduced to $20,000 by a payment by Regina from the proceeds of a new mortgage loan which it obtained when Proctor released his mortgage on the realty to facilitate the refinancing. Thereafter, the indebtedness was further reduced to $19,800 by payments made by Wallace. In November, 1958, Wallace was placed in receivership. Proctor instituted reclamation proceedings by means of which he sought to recover the unpaid balance secured by the chattel mortgage. By a special defense, the receiver attacked the validity of the chattel mortgage on the ground that it was ultra vires and that it was void for uncertainty in the description of the property sought to be mort-

gaged and for inaccuracy in the description of the note and the debt for which the mortgage was given. From a judgment ordering payment, the receiver has appealed.

The defense of ultra vires is predicated on the claim that the sums loaned by Proctor were loaned to Regina alone and that it was beyond the corporate powers of Wallace to pledge its credit and mortgage its property to guarantee the debt of Regina. The unchallenged findings are that the borrowing from Proctor and the execution of the note to evidence the loan and of the instruments to secure it were authorized at a special meeting of the directors of both corporations on December 3, 1957, and that the moneys borrowed from Proctor were needed to meet Wallace's pay roll and its indebtedness for back wages, to discharge a federal tax lien against Wallace, and to provide the capital it needed by reason of the cancellation of some of its contracts. Another unchallenged finding is that the funds received from Proctor were employed in part to discharge a mortgage theretofore given to secure a loan, the entire proceeds of which had been deposited in Wallace's bank account. The court's conclusions that the liability of Wallace to Proctor was not that of a guarantor but was direct and primary and that its action in becoming jointly and severally liable to him was a proper exercise of its corporate powers are fully supported by unchallenged findings.

The claim that the mortgage lacked validity because of an inadequate description of the property sought to be mortgaged stems from a clause in the mortgage excepting "all of the machines and equipment included in a list titled Exhibit 'A' and made a part of a combined mortgage deed and chattel mortgage recorded in the Hamden Land Records,

Hamden, Connecticut, on June 2, 1951, Volume 302, Page 518." After this clause appears the statement: "The inventory of tangible personal property for which this chattel mortgage is given is as follows: *EXHIBIT A* [which is a list of machines, described by name and identified by serial number, and the quantities of each type]." The claim that there is an inconsistency between the two clauses, and consequently that no mortgage lien was created which could be valid as against the receiver, is without substance. To be valid as against the receiver, the chattel mortgage was required to contain a particular description of the property mortgaged. General Statutes § 49-93; *City National Bank* v. *Stoeckel*, 103 Conn. 732, 742, 132 A. 20; *Gaylor* v. *Harding*, 37 Conn. 508, 517. It is obvious that the reference to "Exhibit A" in the first clause is to an entirely different instrument, executed in 1951 and has no relation to the list of machines enumerated and described under the caption "Exhibit A" in the present instrument, executed in 1957. It cannot reasonably be questioned that the mortgage clearly and with certainty contains a particular description of the property mortgaged.

The final claim, that the mortgage is void for inaccuracy in the description of the note and the debt secured, is equally lacking in merit. This claim, in part, is that the note in fact was the joint and several note of Regina and Wallace, while the condition of the mortgage recites that "whereas the . . . vendor [Wallace] is justly indebted . . . as evidenced by its promissory note"—in other words, that the mortgage describes the note secured as a note made solely by Wallace and not the joint and several note of Regina and Wallace. The condition of the mortgage states the amount of the indebted-

ness to be $55,000, as evidenced by a note of even date "payable to the order of . . . vendee [Proctor] with interest, payable in equal monthly payments for a period of Ten (10) years, with interest of 1% per month with the first of said payments to be due and payable on the 3rd day of January, 1958 in accordance with a schedule of payments attached to said note, said note being a mortgage note and secured by a mortgage deed of even date herewith on realty owned by Regina Realty Corporation, this chattel mortgage being added security for the same." Thus, the chattel mortgage incorporates by reference the note, which is referred to as "being a mortgage note and secured by a mortgage deed of even date herewith on realty owned by Regina Realty Corporation." The finding recites that the mortgage deed of Regina was duly recorded. An examination of that deed discloses that it incorporates a complete copy of the note which it secured, thus showing the note to be the joint and several note of Regina and Wallace. Under § 49-93, a chattel mortgage must set forth "the amount of the debt and the terms of repayment." The requirements of the statute were fully met. *In re Starr Bros. Bell Co.*, 218 F.2d 641, cert. denied, 349 U.S. 930, 75 S. Ct. 773, 99 L. Ed. 1261.

There is no error.

In this opinion the other judges concurred.