[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#135)
The plaintiff, Wilshire Credit Corporation, commenced this action against the defendants, Sound Beach Associates ("Sound Beach"), a partnership, and William Sabia, Brian Lionetti, David Lionetti, and Mark Lionetti, general partners of Sound Beach Associates, for default on a note. In its revised complaint dated September 5, 1995, the plaintiff alleges that the defendant, through its general partners, executed a note and secured the note by mortgaging a parcel of land owned by the defendant, Sound Beach. The plaintiff further alleges that the defendants are in default and demand that they pay the note in full. In count one the CT Page 3063 plaintiff alleges a cause of action against Sound Beach. In count two the plaintiff alleges a cause of action against the general partners individually.
On November 3, 1995, Sound Beach filed a motion to strike the first count of the plaintiff's revised complaint accompanied by a memorandum in support of its motion. On January 16, 1996, the plaintiff filed a memorandum in opposition to the defendant's motion to strike. On February 13, 1996, the defendant filed an amended motion to strike with a memorandum in support. On March 5, 1996, the plaintiff filed a memorandum in opposition to the defendant's amended motion to strike. On March 25, 1996, the defendant filed a supplemental memorandum in support of its motion to strike.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358,372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems.Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant argues that count one should be stricken on the grounds that no debt exists against Sound Beach by which its property may validly be foreclosed, and the documents upon which the plaintiff relies do not satisfy the Statute of Frauds, General Statutes § 52-550.
The defendant argues that because the note was executed by its general partners individually with no reference to the partnership, the partnership is not liable for any obligation on the note. The defendant concedes that it executed the mortgage deed, but argues that because it is not liable for the underlying debt, the mortgage deed is void for lack of consideration.
The mortgage deed contains a provision that states "[t]o secure to lender on condition of the repayment of the indebtedness evidenced by Borrower's note dated October 3, 1989, a copy of which is attached hereto and the covenants of which Note are incorporated into and shall amend and supplement the covenants and agreements of CT Page 3064 this Mortgage as if said Note were set forth in the full text of this Mortgage. . . ." (Defendant's Exhibit A). Since the mortgage deed is signed by the defendant and the entire note is incorporated into the mortgage, the defendant may be held liable on the note. See Moher v. Wallace Metal Products Co., 147 Conn. 535, 539,163 A.2d 103 (1960). Furthermore, the note is attached to the mortgage deed, both the mortgage and the note were executed on the same date, the mortgage secures the same amount of debt as the note and the mortgage incorporates by reference the note in its entirety. These factors indicate that the note was intended to be executed by and on behalf of Sound Beach partnership. Therefore, Sound Beach may be held liable for the note as well as the mortgage.
Accordingly, the defendant's motion to strike is denied.
RICHARD J. TOBIN, JUDGE